UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHAMSIDDEEN HATCHER, | ) |
|     Plaintiff, | ) |
| v. | ) No. 2:17-CV-71-JRG-MCLC |
| F/N/U HATFIELD, Lieutenant, | ) |
| F/Y/U HUTCHINS, Deputy, | ) |
| F/N/U BAYS, Deputy, | ) |
| F/N/U BLAKLEY, Deputy, and | ) |
| F/N/U BALL, Deputy, | ) |
|     Defendants, | ) |
| *All in their Official Capacities.* | ) |

## **MEMORANDUM and ORDER**

Plaintiff Shamsiddeen Hatcher, a former prisoner, brings this pro se civil rights action under 42 U.S.C. § 1983, against an officer and four deputy sheriffs with the Sullivan County, Tennessee Sheriff's Office [Doc. 1]. The complaint alleges that Plaintiff's constitutional rights were violated at the Sullivan County Detention Center ("SCDC") on July 13, 2015 [*Id.*]. Plaintiff's accompanying application to proceed *in forma pauperis* [Doc. 3] reflects that he is virtually destitute; thus, the application [*Id.*] is **GRANTED**. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (explaining that, after an inmate is released from confinement, his ability to pay is determined like any non-prisoner), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I. PLAINTIFF'S ALLEGATIONS

According to the allegations in the complaint, Plaintiff was assigned housing in an area in the SCDC that also accommodated prisoners on suicide watch [Doc. 1 at 2]. On July 13, 2015, Plaintiff was accused of damaging a sprinkler head and flooding the SCDC and he, thereafter, was removed from his cell [*Id.*]. Plaintiff returned to his cell a few hours later to find that it was

uninhabitable due to excess water and fire retardant in the cell [*Id.*]. Plaintiff (by implication) asked for cleaning supplies, and the deputy assigned to the control booth left his post to engage in an extended argument with Plaintiff about his request for supplies. The control booth contains a monitor that records footage from video cameras located in the cells of inmates on suicide watch. Upon the officer's return to his post in the control booth, he discovered the lifeless body of a prisoner who had committed suicide.

Later that night, after the investigators left (the complaint is silent as to whether the investigation involved the vandalism of the sprinkler, the death of the inmate, or some other matter), Defendant Deputy Hutchins sprayed Plaintiff in the face with a large can of pepper spray, as Defendant Deputy Bays recorded the incident on a video camera. Plaintiff was placed in a one-man cell, though he was no threat to anyone, and then, blinded, choking and gasping for air, he was removed from that cell.

Shortly thereafter, Defendants Blakley and Ball returned to the area where Plaintiff was housed, stated that Defendant Lieutenant Hatfield had ordered the assault, and then assaulted Plaintiff again by slamming him around and roughing him up [*Id.* at 3]. At some point, Defendant Hatfield entered the area and screamed that it was Plaintiff's fault that the other inmate committed suicide. The officers engaged in the second assault on Plaintiff to try to provoke him into a reciprocal assault against them and to retaliate against him, presumably as revenge for his perceived role in the other inmate's suicide.

The assaults on Plaintiff caused him to sustain lasting emotional distress, psychological harm (i.e., he suffers from nightmares about being assaulted by demons in police uniforms and a diagnosed case of post-traumatic stress disorder), and physical injury (he has incurred some loss of vision in both eyes). Defendants' above-described conduct violated the rights secured to

2

Plaintiff by the First and Eighth Amendments and the Due Process Clause in the Fourteenth Amendment.

For the alleged violations of his rights, Plaintiff asks for unspecified declaratory relief and damages in the sum of nine hundred, ninety-nine thousand, nine hundred and ninety-nine dollars ($999,999.00) [*Id*. at 4].

## II. SCREENING

The Court must screen complaints filed by free world citizens and former prisoners who are proceeding *in forma pauperis*. *See McGore*, 114 F.3d at 608 (citing 28 U.S.C. § 1915(e)(2)). Dismissal is required if complaints are frivolous or malicious, if they fail to state a claim for relief, or if they are seeking monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In performing this task, the Court recognizes that pro se pleadings filed in civil rights cases are to be construed charitably and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the complaint under these guidelines.

## III. LAW AND ANALYSIS

### A. Timeliness of Claims

Plaintiff complains about the treatment to which he was subjected in the SCDC on July 13, 2015. For the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004). The one-year statute of limitations period contained in Tennessee Code Annotated § 28-3-104(a) applies to civil rights claims arising in Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); *see also Porter v. Brown*, 289 F. App'x. 114, 116, 2008 WL 3838227, at *2 (6th Cir. 2008) ("[O]ur precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)."). Ordinarily, the statute begins to run when a plaintiff knows or has reason to know of the injury upon which his action is based. *See Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 636 (6th Cir. 2007); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff would have known of any injury he incurred from the violation of his constitutional rights at the SCDC by July 13, 2015. This means that Plaintiff would have had one

year from that date, i.e., July 13, 2016, to file this instant § 1983 action. Plaintiff filed this case on April 19, 2017 [Doc. 1], more than nine months after the statute lapsed.

Therefore, the applicable statute of limitations bars Plaintiff's claims, and they are due to be dismissed for failure to state a claim. *See Jones*, 549 U.S. at 215 (noting that "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). Furthermore, claims that are time-barred under the relevant statute of limitations are frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

**B.     Municipal Liability**

There is another reason why this action cannot advance: Plaintiff has failed to state a claim against Defendants in their official capacities.

Suits against officers in their official capacities under § 1983 are equated with suits against the governmental entity itself, *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992), and "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978); *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (observing that an official-capacity suit proceeds as though a plaintiff had sued the governmental entity a defendant represents). Indeed, if damages are awarded to a plaintiff in an official-capacity suit, he must look to the governmental entity to satisfy such a judgment. *Kentucky v. Graham*, 473 U.S. 159, 166 (1995).

The governmental entity Defendants represent is Sullivan County, Tennessee. To succeed in a suit against Sullivan County, Plaintiff must show that its policy, practice, or custom has caused him to sustain a constitutional injury. *Monell*, 436 U.S.at 691. In other words, to state a § 1983 claim against Sullivan County, Plaintiff must: (1) identify the policy, (2) connect the policy to

Sullivan County itself, and (3) demonstrate that his injury was incurred because of the execution of that policy. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). While an inmate need not plead a theory of municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), still he must give fair notice of the claim to Defendants. *Twombly*, 550 U.S. at 555.

Plaintiff's complaint does not give fair notice to Defendants that they might be held liable in their official capacities. This is so because Plaintiff fails to identify a Sullivan County policy to subject SCDC inmates to excessive force or to retaliate against them for actions of another prisoner. Because Plaintiff has not alleged the existence of such a policy, not tied such a policy to Sullivan County, and has not established that the policy caused his injuries, he fails to state a claim against Defendants in their official capacities.

## IV. CONCLUSION

This action will be **DISMISSED** as untimely filed and for failure to state a claim against Defendants. 28 U.S.C. § 1915(e)(2). The Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and **CERTIFIES** that any appeal from this action would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3). A separate judgment dismissing this case will enter.

**SO ORDERED.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
